UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WENDY KATHERINE LIVELY,<br><br>Defendant. | Case No. 4:22-CR-00164-BLW-DKG<br><br>**REPORT AND RECOMMENDATION** |

On June 26, 2023, Defendant WENDY KATHERINE LIVELY appeared before the undersigned United States Magistrate Judge for an arraignment and to enter a plea pursuant to a written plea agreement. (Dkt. 40.) The Defendant executed a waiver of the right to have the presiding United States District Judge take her plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Superseding Information (Dkt. 45), the maximum penalties applicable, her Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's

guilty plea, that she entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation Office.

Because the offense to which Defendant entered her guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, the Government filed a motion for detention. (Dkt. 6.) During the initial appearance and arraignment held on August 29, 2022, the Government withdrew its motion and an Order setting conditions of release was entered. (Dkt. 11, 18.) Defendant has remained on release since that time and probation reports there are no known issues of non-compliance during the term of pretrial release. (Dkt. 51.) The Government has represented that it does not have any information or reason to believe Defendant is at an enhanced risk of flight or danger to the community at this time.

Defendant been in regular contact with her counsel and pretrial services officer, participated in drug testing as directed, and appeared at several state court hearings. (Dkt. 49.) Further, Defendant has no criminal history, not used controlled substances or alcohol for almost two years, and has maintained employment during pretrial release.

REPORT AND RECOMMENDATION - 2

Defendant's daughters heavily rely on her to assist with caring for her grandchildren.

Upon consideration of the totality of the circumstances presented in this case, including the stringent conditions of release, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant WENDY KATHERINE LIVELY's plea of guilty to Count One of the Superseding Information (Dkt. 45).

2) The District Court order forfeiture consistent with Defendant WENDY KATHERINE LIVELY's admission to the Criminal Forfeiture allegation in the Superseding Information (Dkt. 45) and the Plea Agreement (Dkt. 40).

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Count One of the Indictment (Dkt. 1) as to Defendant WENDY KATHERINE LIVELY.

4) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release (Dkt. 18).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: June 26, 2023

DEBORA K. GRASHAM
U.S. MAGISTRATE JUDGE