UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> WENDY KATHERINE LIVELY, <br><br> Defendant. | Case No. 4:22-cr-00164-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is Defendant's Motion for Early Termination of Supervised Release. For the reasons explained below, the Court will deny the motion.

### BACKGROUND

In September 2023, this Court sentenced Defendant Wendy Katherine Lively to 24 months' imprisonment followed by three years of supervised release after she pleaded guilty to possession with intent to distribute a controlled substance. *See Jdgmt.,* Dkt. 74. Lively was placed on supervision in October 2024 and is slated to complete her three-year term in October 2027. She asks the Court for early termination of supervised release.

### GOVERNING LEGAL STANDARD

The Court has broad discretion to impose terms of supervised release. *See* 18 U.S.C. § 3583(e)(1); *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir.

MEMORANDUM DECISION AND ORDER - 1

2014). This includes the discretion to terminate supervision after Defendant has served one year of supervised release. 18 U.S.C. § 3583(e)(1). In deciding whether to grant a motion for early termination, courts must review several sentencing factors, which include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) deterrence;

(3) protection of the public;

(4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation;

(5) the sentence and sentencing range established for the category of defendant;

(6) any pertinent policy statement by the Sentencing Commission;

(7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3583(e)(1) & 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).[1] If, after considering these factors, the court is satisfied

---

[1] Congress specifically left out from consideration the need "to reflect the seriousness of the offense, to promote respect for the law, [or] to provide just punishment for the offense." 18 U.S.C. §§ 3553(a)(2)(A), 3583(e).

MEMORANDUM DECISION AND ORDER - 2

that early termination is "warranted by the conduct of the defendant released and the interest of justice," the court may grant the motion. The Ninth Circuit has specifically rejected "the proposition that early termination is reserved for cases of exceptionally good behavior," holding that a district court may not require exceptional behavior as a predicate for early termination. *See United States v. Ponce,* 22 F.4th 1045, 1047 (9th Cir. 2022). In deciding early termination motions, courts must provide an explanation based on consideration of the factors outlined above, but they need not elaborate unnecessarily. *Emmett*, 749 F.3d at 821-22.

## ANALYSIS

Although Lively has completed more than one year of supervision and has made many positive strides in her life, the Court is not persuaded that early termination of supervision is warranted.

In seeking early termination, Lively points out that she hasn't had any violations on supervision and that she has "stable housing, consistent employment and a renewed mindset to the best version of herself." *Motion,* Dkt. 99, at 5. She has submitted strong letters of support from employers. *See* Dkt. 99-1, at 1-2. She has also submitted her own letter (attached to the motion), indicating that she is seeking early termination so that she "may be able to possibly go stay with my remaining brother and sister, along with my nieces and nephews in Michigan for a few months." *See Apr. 16, 2026 Letter,* Dkt. 99-1, at p. 3 She also indicates a

MEMORANDUM DECISION AND ORDER - 3

desire to start a new business and to take family vacations, including taking her grandchildren on international trips. *Id.*

Having considered Lively's arguments, and each of the factors outlined above, the Court does not find that termination of supervision is warranted by Lively's conduct or the interests of justice. To be sure, Lively is to be commended for the tremendous positive strides she has made in her life, and the Court hopes that she is able to achieve the many goals she has set for herself. But, in this case, the Court believes that the structure provided by supervision is necessary to ensure that Lively continues on her upward trajectory. As the government points out in its response, "Longevity on supervision is valuable because it ensures that the Defendant does not relapse into criminal thinking, behavior, or negative relationships." *Response,* Dkt. 100, at 1-2. Further, while Lively suggests early termination is necessary to permit travel, she has not indicated that probation has denied any travel request.

## ORDER

**IT IS ORDERED that** Defendant's Motion for Early Termination of Supervised Release (Dkt. 99) is **DENIED.**

DATED: July 28, 2026

B. Lynn Winmill
United States District Judge

MEMORANDUM DECISION AND ORDER - 4